Alonzo WASHINGTON

v.

Daniel H. GREENE, Esquire.

Civ. A. No. 82–4948.

United States District Court,
E.D. Pennsylvania.

Dec. 29, 1982.

Alonzo Washington, pro se.

Stephen A. Madva, Philadelphia, Pa., for defendant.

OPINION

LUONGO, Chief Judge.

On November 10, 1982, Alonzo Washington, plaintiff *pro se,* filed a civil rights complaint under 42 U.S.C. § 1983 against Daniel Greene, Esquire, his former counsel in a state criminal matter. Plaintiff alleged that the defendant was appointed by

the state court to represent him in a criminal proceeding, but that the defendant nevertheless requested and received $500.00 from plaintiff's wife as a fee for such representation. On December 3, defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiff has not responded to the motion.

Defendant contends that the complaint fails to state a claim because plaintiff did not and cannot allege a necessary element of a claim under § 1983 of the Civil Rights Act, *i.e.,* that defendant acted "under color of state law" [1] in his capacity as court-appointed defense counsel in a criminal case.

Notwithstanding that plaintiff has filed no response to the motion, I will rule on it since the point of law is so clear that a response would be unavailing. In *Black v. Bayer,* 672 F.2d 309 (3d Cir.1982), the court held that private and court-appointed attorneys "do not act under color of state law for purposes of § 1983." *Id.* at 314.

The accusation made by plaintiff raises serious questions about the propriety of defendant's alleged conduct, but the federal courts, under § 1983, are not the appropriate forum in which to resolve them. I will enter an order granting the motion to dismiss.

---

1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.